IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                        ) | CASE NO. 3:18-CR-342-WKW-KFP |
| ) | |
| KYLE GEOFFREY SANDLER        ) | |

**ORDER**

The Court held a preliminary revocation hearing and detention hearing on September 8, 2022. At the conclusion of the evidence, Defendant conceded that there is probable cause to believe the alleged violations occurred. Thus, the question before the Court reduced to one of detention. Based upon the credible evidence presented at the hearing, the Court finds Defendant failed to present clear and convincing evidence to warrant his release pending a final revocation hearing. Fed. R. Crim. P. 32.1; 18 U.S.C. § 3143(a)(1).

Defendant's supervision began in February 2022 after he gained early release under the First Step Act having been incarcerated following a guilty plea on charges of wire fraud (in violation of 18 U.S.C. § 1343) and securities fraud (in violation of 15 U.S.C §§ 78j(b); 78ff; 17 C.F.R. § 240.10b-5). Upon his release, among other things, Defendant began a business engaging in paralegal services wherein he provided legal work such as conducting legal research and preparing legal motions. These services were performed on behalf of inmates whose family members engaged Defendant for assistance. Soon thereafter, a string of complaints from dissatisfied customers made their way to Defendant's Probation Officer, Jelesa Johnson, and the United States Attorney's Office. Some of Defendant's

customers complained that he had made guarantees to them that he did not (and could not) fulfill (e.g., reduced jail time) and that Defendant had been paid for services not rendered (e.g., drafting a motion). In response to the complaints, Officer Johnson instructed Defendant to cease all paralegal business operations as of August 10, 2022. Officer Johnson instructed Defendant that all work be discontinued and monies paid for incomplete work be returned to the customer. Defendant claimed he did not have the money to return. Despite this directive to cease operations, on August 12, Defendant communicated with a customer about performing legal research.

Based upon certain admissions Defendant made in a motion that was then-pending, the District Judge concluded the following day it "appears [Defendant is] engaging in the unauthorized practice of law in violation of Alabama law." Doc. 97. The District Judge further confirmed the Probation Officer's previously communicated restriction "DIRECT[ING] [Defendant] cease his 'consulting and paralegal business' (Doc. #95, at 1), as directed by his probation officer." Doc. 97. On August 13, Officer Johnson received additional, but not yet verified information, that Defendant was still engaged in the business of providing paralegal work.

Defendant's continuation of his business is in direct violation of his Probation Officer's directives and the directives of the Court. Additionally, giving credit to the customer complaints suggests that his continuing work is a danger to the community—it is harming, at a minimum financially, customers who engage him for work he cannot do or work he fails to provide and for which he has accepted money. Defendant argues that he has now discontinued all work in this business and is focusing his energy earning money

working at Papa Johns, paying his rent and other bills, and will make good on his restitution, which is in arrears $1,000. This, however, fails to satisfy the Court that there is clear and convincing evidence he is not a danger to the community.

Moreover, Defendant has a fiancé living in the state of Florida. In May 2022, Defendant's Probation Officer imposed a restriction that Defendant have no contact of any kind with his fiancé, who is also a convicted felon. Officer Johnson testified that she received information that Defendant had thereafter communicated on his fiancé's Facebook page. Office Johnson also received information suggesting Defendant had traveled to Florida without authorization during his period of supervision, though she did not confirm he had done so. Defendant has previously held a residence in Texas and informed his Probation Officer that he once fled there while facing criminal charges. *See* PSR Doc. 42, at p. 15. Based on this information, the Court cannot find clear and convincing evidence that Defendant is not a flight risk.

Thus, for the reasons stated on the record and those set forth here, the Court finds Defendant has not proven by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Accordingly, it is

ORDERED that the Defendant will remain in custody. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant will be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the matter

corrections facility is ordered to deliver Defendant to the United States Marshal for appearance in court proceedings.

DONE this 8th day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE